IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    23-cr-00419-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHRISTOPHER CARL MEIER,

      Defendant.

---

## SECOND UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT

---

Mr. Christopher Carl Meier, by and through counsel, hereby moves this Court for an Order excluding ninety days from the Speedy Trial Act computations, vacating current deadlines (including the motions deadline of March 11, 2024, the trial preparation conference on April 9, 2024, and the trial date of April 15, 2024), and setting new motions filing deadlines and trial dates accordingly. The government does not oppose this Motion. In support thereof, Mr. Meier states as follows:

### PROCEDURAL HISTORY

1. On October 4, 2023, Mr. Meier was indicted on one count alleging that he conspired to distribute child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and five counts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). *See* ECF No. 1, Indictment. Given Mr. Meier's prior criminal history (*see* ECF No. 15), the government alleges that each count carries a fifteen-year mandatory minimum sentence. *Id.*

2.      After his arrest on the warrant accompanying the indictment, Mr. Meier made an initial appearance in this case before the Honorable Michael E. Hegarty on October 12, 2023.  *See* ECF No. 6.  On October 17, 2023, Judge Hegarty conducted an arraignment, discovery, and detention hearing.  *See* ECF No. 10.  During that proceeding, Mr. Meier entered pleas of not guilty to each count charged in the indictment, the parties executed a discovery memorandum, and, after hearing argument, Judge Hegarty ultimately ordered that Mr. Meier be detained pending trial.  *See* ECF Nos. 10, 11, 13.  Mr. Meier has remained in custody at the Washington County Jail in Akron, Colorado since that time.

3.      The Court originally set a pretrial motions deadline of November 13, 2023, and scheduled a four-day jury trial to begin on December 18, 2023.  *See* ECF No. 12.  However,  on November 16, 2023, the Court granted Mr. Meier's unopposed motion to exclude 120 days under the Speedy Trial Act (ECF No. 18), and reset the pretrial motions deadline to March 11, 2024, and rescheduled the trial to begin on April 15, 2024.  *See* ECF No. 19.

4.      Pursuant to the terms of the parties' discovery agreement (*see* ECF No. 11), on October 31, 2023, the government made an initial discovery production in this case.  This initial production consists of nearly 20,000 pages of investigative material, hundreds of additional pages of search warrants and pen register/ tap and trace requests, numerous subpoena returns, and over 5000 native files of various types.  The government has made two subsequent and sizable productions of additional discovery material in the intervening months.  However, there is a significant amount of discovery that remains outstanding.  The parties have conferred about how best to handle these outstanding materials but, as of the filing of this motion, undersigned counsel's understanding is that the government has not yet finalized a decision as to how they intend to make them available to her.  Counsel has worked diligently to review the material that has already been

produced and to discuss it with Mr. Meier in accordance with the dictates of the Protective Order that was entered in this case (*see* ECF No. 17). But because she has not yet received and thus has been able to review, a significant quantity of discovery, she is as yet unable to provide Mr. Meier with an accurate assessment of various legal and evidentiary issues in this case. Additionally, the parties are engaged in ongoing conversations about possibly reaching a resolution short of trial in this case. Thus, at this point, in order to effectively represent Mr. Meier, counsel will need additional time in order to review the discovery she has not yet received, to discuss that material with Mr. Meier, to research the implications of that outstanding material on the strength of the government's case against him, to continue to engage in legal research and factual investigation pertinent to suppression issues and for trial, and to continue to explore whether a negotiated resolution of this case is possible. While undersigned counsel has worked diligently on this case over the last several months, she needs additional time in order to complete each of these tasks and thus to provide Mr. Meier with effective assistance of counsel.

5.      As of the filing of the instant motion, counsel for Mr. Meier believes that the speedy trial clock expires on April 19, 2024, and that 28 days have run as of the filing of the instant motion. *See* ECF No. 19.

## **LAW REGARDING REQUESTS FOR CONTINUANCES**

6.      This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C.

3

§ 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

7.      In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

8.      Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

9.      The ends of justice served by this requested delay outweigh the best interest of the public and the defendant in a speedy trial at this juncture. Proceeding within the current time requirements would deny counsel for Mr. Meier the reasonable time necessary for effective

preparation. While counsel has reviewed the discovery disclosed by the government thus far and has discussed it with Mr. Meier, the government has informed her that there is a sizable amount of additional outstanding discovery which she has, as of yet, been unable to review. Counsel also needs to research potential suppression issues, engage in investigative follow-up, and continue to explore whether a resolution short of trial can be reached in this case. Only after that review and investigation are complete can counsel fully analyze the case, appropriately advise Mr. Meier as to his options, and prepare to litigate motions and for trial. These critical tasks cannot be completed before the upcoming deadlines and trial date.

10.     Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

11.     First, counsel has been diligent in her review of the discovery and in the timeliness of this request. Defense counsel has reviewed the discovery she has received thus far and has discussed how best to access the remaining materials with the government. She has met repeatedly with Mr. Meier to review discovery and to explain the process of a federal criminal case to him. She has discussed a variety of matters in this case with government counsel, including exploring whether plea negotiations would be fruitful. Defense counsel has further shown diligence by making this request well before the expiration of the speedy trial clock, and by the motions filing deadline of March 11, 2024.

12.     Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 90 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery, and to evaluate that discovery for potential pre-trial motions issues and the need for further investigation. This type of thorough evaluation and investigation is necessary in order to advise Mr. Meier about his options and any

potential strategies for his defense. This 90-day continuance would also allow defense counsel time to review all discovery, retain and consult with experts, engage in legal research, complete her investigation, and engage in plea negotiations with the government, all of which are necessary to providing Mr. Meier with full and effective assistance of counsel.

13.     Third, this request will not inconvenience the opposing party or its  witnesses. Undersigned counsel has consulted with Assistant U.S. Attorneys Alecia Riewarts and Kyle Reynolds who indicated that they do not oppose this motion, and there are no known issues with witness availability or scheduling.

14.     The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial.  Counsel has consulted with Mr. Meier who has no objection to the instant motion and, indeed, is in favor of his counsel taking the time necessary to represent him effectively.  The need for the continuance is described throughout this motion. Without the requested continuance, the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Meier's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

15.     Wherefore, Christopher Meier, through his counsel, respectfully requests that this Court enter an Order excluding 90 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ *Stephanie Snyder*

STEPHANIE SNYDER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Mr. Meier

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Alecia Riewarts, Assistant United States Attorney
Email:  Alecia.Riewarts@usdoj.gov

Kyle P. Reynolds, Trial Attorney
Email:  Kyle.Reynolds@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Christopher Carl Meier (via hand-delivery)

s/ Stephanie Snyder
STEPHANIE SNYDER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Mr. Meier