**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Criminal Case No. 23-cr-00419-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER CARL MEIER,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S SECOND UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

This matter is before the Court on Defendant's Unopposed Motion to Exclude 90 Days from the Requirements of the Speedy Trial Act (ECF No. 20). The Defendant asks this Court for an order excluding an additional 90 days[1] from the Speedy Trial Act computations, vacating current deadlines (including the motions deadline of March 11, 2024, the trial preparation conference on April 9, 2024, and the trial date of April 15, 2024), and setting new motions filing deadlines and trial dates accordingly.

The Defendant's motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial,

---

[1] On November 16, 2023, this Court granted Defendant's Unopposed Motion to Exclude 120 Days from the Requirements of the Speedy Trial Act (ECF No. 18), extending the 70-day clock to April 19, 2024. ECF No. 19.

and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See id.* § 3161(h)(1)-(8).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id*. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

(i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

(iii)  Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because

> the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

The Defendant's motion describes the various factors that he believes necessitate the exclusion of 90 days in this case, which the Court restates in pertinent part below. In support of his motion, and as procedural history, the motion states that on October 4, 2023, Mr. Meier was indicted on one count alleging that he conspired to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and five counts of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). ECF

3

No. 1. Given Mr. Meier's prior criminal history (*see* ECF No. 15), the government alleges that each count carries a fifteen-year mandatory minimum sentence. *Id.* On October 12, 2023, Mr. Meier made his initial appearance and on October 17, 2023, appeared for his arraignment, discovery, and detention hearing. ECF Nos. 6, 10. During that proceeding, Mr. Meier entered pleas of not guilty to each count charged in the indictment, the parties executed a discovery memorandum, and Mr. Meier was ordered detained pending trial. ECF Nos. 10, 11, 13. Mr. Meier is presently in custody at the Washington County Jail in Akron, Colorado.

On November 16, 2023, this Court granted Mr. Meier's unopposed motion to exclude 120 days under the Speedy Trial Act, and reset the pretrial motions deadline to March 11, 2024, and rescheduled the trial to begin on April 15, 2024. *Id.* at 1 n1.

Counsel for Defendant states that on October 31, 2023, the government made an initial discovery production in this case consisting of nearly 20,000 pages of investigative material, hundreds of additional pages of search warrants and pen register/tap and trace requests, numerous subpoena returns, and over 5000 native files of various types. Since then, counsel states that the government has made two subsequent and sizable productions of additional discovery; however, there is a significant amount of discovery that remains outstanding. Further, counsel indicates that the parties have conferred about how best to handle the outstanding materials but, as of the filing of the instant motion, the government has not yet finalized a decision as to how it intends to make them available.

Counsel asserts she has worked diligently to review the material that has already been produced and discussed it with Mr. Meier. Because she has not yet received a

4

significant quantity of discovery, she is unable to provide Mr. Meier with an accurate assessment of various legal and evidentiary issues in this case. Additionally, counsel notes that the parties are engaged in ongoing conversations about possibly reaching a resolution short of trial in this case.

Counsel asserts that the government does not oppose the continuance.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion, at ECF No. 20, is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from April 19, 2024, to July 18, 2024**;

(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **four-day** jury trial is reset for **July 15, 2024**. The Trial Preparation Conference/Change of Plea Hearing is reset for **July 9, 2024, at 3:00 PM;**

(4) Defendant shall have to and including **June 10, 2024,** to file pretrial motions, and responses to these motions shall be filed by **June 24, 2024**. **If no motions are filed by June 10, 2024, the Court will deem Defendant to have waived any such motions.** If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.gov by **June 26, 2024**.

DATED:  March 15, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge