IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-419-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**Christopher Carl Meier,**

    Defendant.

---

## DEFENDANT'S PLEA OF GUILTY AND STATEMENT OF FACTS RELEVANT TO SENTENCING (WITHOUT PLEA AGREEMENT)

---

Defendant, Christopher Carl Meier, personally and by his counsel, Stephanie Snyder, submits this Plea of Guilty and Statement of Facts Relevant to Sentencing (Without Plea Agreement):

### I. PLEA OF GUILTY

Mr. Meier intends to plead guilty to the Indictment which charges him with one count of conspiracy to distribute child pornography, and five substantive counts of distribution of child pornography, all in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), **without a plea agreement**. Mr. Meier also intends to admit to the forfeiture allegation contained in the Indictment.

### II. ELEMENTS OF THE OFFENSES

Mr. Meier submits that the elements of Count One, conspiracy to distribute child pornography in violation of 18 U.S.C. §2252A(a)(2) and (b)(1), are as follows:

**COURT EXHIBIT 1**

*First*: The defendant agreed with at least one other person to violate the laws as alleged in the Indictment, namely, distribution of child pornography as defined in 18 U.S.C. 2256(8)(A), in violation of 18 U.S.C. §2252A(a)(2) and (b)(1);

*Second*: the defendant knew the essential objective of the conspiracy;

*Third*: the defendant knowingly and voluntarily participated in the conspiracy; and

*Fourth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.[1]

Mr. Meier submits that the elements of Counts Two through Six, distribution of child pornography in violation of 18 U.S.C. §2252A(a)(2) and (b)(1), are as follows:

*First*: The defendant knowingly distributed child pornography as defined in 18 U.S.C. §2256(8)(A);

*Second*: the defendant distributed the child pornography using any means or facility of interstate or foreign commerce, or the child pornography has been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

*Third*: when the defendant distributed the child pornography, he knew it was child pornography.

To "distribute" something means to deliver, transfer, disperse or dispense to others,

---

[1] *See* 10th Cir. Pattern Jury Instructions, §2.19, Conspiracy as defined in 18 U.S.C. §371, modified (2021); *see also* 18 U.S.C. § 2252A(b)(1) (contains no overt-act requirement); *United States v. Heatherly*, 985 F.3d 254, 262 (3d Cir. 2021) (no overt act required for conspiracy under analogous statute, 18 U.S.C. § 2252(b)(1)).

2

with or without any money involved in the transaction.

As to the Second element above, the United States need not prove that the defendant knew that the child pornography was distributed using any means or facility of interstate or foreign commerce, or had been mailed, or that it was shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

**The United States advises that it agrees (x), disagrees ( ), or takes no position ( ).**

### III. STATUTORY PENALTIES

Because the parties agree, as charged in the Indictment, that Mr. Meier has a prior qualifying conviction, the maximum statutory penalty for a violation of 18 U.S.C. §2252A(a)(2) and (b)(1) is not less than 15 years and not more than 40 years of imprisonment; not more than a $250,000 fine, or both; not less than five years nor more than lifetime supervised release pursuant to 18 U.S.C. §3583(k); a special assessment fee of $100 under 18 U.S.C. § 3013, $5,000 under 18 U.S.C. § 3014 if he is found to be non-indigent, and no more than $35,000 pursuant to 18 U.S.C. §2259A; and restitution pursuant to 18 U.S.C. § 2259(a).

Mr. Meier understands that pursuant to 18 U.S.C. § 2259(a), the Court must order restitution for the full amount of the victims' compensable losses, which will not be less than $3,000 per victim under § 2259(b)(2)(B).

Mr. Meier also understands that a violation of the conditions of probation or supervised release may result in a separate prison sentence and additional supervision.

**The United States advises that it agrees (x), disagrees ( ), or takes no position ( ).**

3

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

Mr. Meier has also been advised and understands that, under the Sex Offender Registration and Notification Act, a federal law, and pursuant to 18 U.S.C. § 3583(d), upon his release from prison and as a condition of his supervised release, if any, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. He understands he must register as a sex offender and must keep the registration current with the state sex offender registration agency in each of the following jurisdictions: where he was convicted, where he resides, where he is employed, and where he is a student. Mr. Meier understands that the requirements for registration include providing his name, residence address, the names and addresses of any places where he is or will be an employee or a student, and information relating to intended travel outside the United States, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name or residence, and that he shall comply with requirements to periodically verify in person his sex offender registration information. Mr. Meier has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for violations of applicable state law or 18 U.S.C. § 2250, a federal law, which is punishable by a fine or imprisonment, or both. Finally, Mr. Meier understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following his conviction.

4

## V. **FACTUAL BASIS TO SUPPORT THE PLEA OF GUILTY**

Mr. Meier admits to the following:

Utilizing a username known to Mr. Meier and the government, on five separate dates in 2020 and 2021 as charged in the Indictment,[2] Mr. Meier posted images depicting child pornography, as defined in 18 U.S.C. §2256(8)(A), and links to videos containing child pornography, as defined in 18 U.S.C. §2256(8)(A), on a then-existing Internet site that was dedicated to facilitating the discussion and distribution of child pornography. Mr. Meier accessed the website by using a computer and posted the child pornography images and relevant links with the intention that other users of the site would view the linked videos. Mr. Meier admits that he did so knowing that he was distributing child pornography by posting child pornography images and links to videos containing child pornography for other individuals who were accessing the website to view, discuss, share, and download.

The website where Mr. Meier posted this material operated on the Tor network, which is a "dark web" computer network that was designed to facilitate anonymity on the Internet. The site, which has since been taken down and seized by international law enforcement authorities, was password-protected and required potential users to register and create accounts in order to gain access to its contents. The website contained a directory of links to other sites featuring child pornography as well as a variety of indexed user forums where the site's users could post

---

[2] Specifically, Mr. Meier admits that he knowingly distributed images depicting child pornography, as defined in 18 U.S.C. §2256(8)(A), on an Internet website, with the intention that other users of the site would access them, on May 3, 2020 (Count Two); May 23, 2020 (Count Three); October 8, 2020 (Count Four); January 1, 2021 (Count Five); and March 27, 2021 (Count Six). On each of these dates, Mr. Meier posted at least one image depicting a minor boy masturbating and displaying his naked, erect genitals to the camera.

5

messages and links to images or videos, publicly comment on posts, and exchange private messages. The site was used by hundreds of thousands of individuals around the world for the express purpose of discussing, sharing, trading, and otherwise distributing child pornography of varying types and kinds. Mr. Meier knew that, when he knowingly and voluntarily accessed this website and posted links to videos containing child pornography, that they would be seen and shared by other users of the site, and thus knew that he was engaging in the distribution of child pornography. He further admits that, by posting links to videos containing child pornography on the dates specified in the Indictment, he engaged in acts designed to facilitate the distribution of child pornography to other registered users of the website who had gained access to it for this purpose. When Mr. Meier posted images depicting child pornography on the site, he distributed child pornography using any means or facility of interstate or foreign commerce and the child pornography had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer. When the acts described above took place, Mr. Meier was located in the District of Colorado.

**The United States advises that it agrees (x)[3], disagrees ( ), or takes no position ( ).**

## VI. SENTENCING COMPUTATION

Mr. Meier understands that sentencing is determined pursuant to 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory

---

[3] The United States agrees to the extent that this factual basis includes those facts necessary to support Mr. Meier's plea of guilty in this case. It does not include every fact known to the United States.

guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, Mr. Meier sets forth below his estimate of the advisory guideline range called for by the United States Sentencing Guidelines.

Mr. Meier estimates the advisory guidelines apply as follows:

A. The applicable guideline is U.S.S.G. §2G2.2, with a base offense level of 22 pursuant to §2G2.2(a)(2).

B. Because the defendant distributed this material in exchange for valuable consideration, but not for pecuniary gain, a 5-level increase under §2G2.2(b)(3)(B) applies;

C. Because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, a 5-level increase under §2G2.2(b)(5) applies;

D. Because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to review the material, a 2-level increase under §2G2.2(b)(6) applies;

E. Because the offense involved 600 or more images, a 5-level increase applies.[4]

---

[4] Mr. Meier anticipates that the government will assert that the cross-reference to U.S.S.G. §2G2.1 applies pursuant to §2G2.2(c)(1). If the Court finds that the cross-reference applies, Mr. Meier estimates his guidelines under §2G2.1 as follows:
- Base offense level of 32;
- Plus 2-levels for the involvement of a minor who had attained the age of twelve years, but had not attained the age of sixteen, pursuant to §2G2.1(b)(1);
- Plus 2-levels because the offense involved the commission of a sexual act or sexual contact pursuant to §2G2.1(b)(2);
- Plus 2-levels because the defendant knowingly engaged in distribution pursuant to §2G2.1(b)(3);
- Plus 2-levels because the offense involved the use of a computer to solicit the participation of a minor pursuant to §2G2.1(b)(6);
- Plus 5-levels pursuant to §3D1.4 for multiple victims;

F. The career offender (§4B1.1) and repeat and dangerous sex offender (§4B1.5) adjustments do not apply;

G. Mr. Meier should receive a 2-level decrease based upon his acceptance of responsibility under §3E1.1(a); and an additional 1-level decrease for timely notifying the government of his intent to plead guilty pursuant to §3E1.1(b);

H. The adjusted offense level would be 36;

I. Mr. Meier's criminal history category is estimated as Category II.

J. The advisory guideline range of imprisonment resulting from an offense level of **36** and a criminal history category of **II** is **210-262** months. In order to be as accurate as possible, with the criminal history category undetermined at this time, the range could conceivably extend from as low as 188 months (bottom of Category I) to as high as 405 months (top of Category VI).

K. Pursuant to guideline §5E1.2, assuming the estimated offense level is correct, the fine range would be $40,000 to $400,000, plus applicable interest and penalties.

L. Pursuant to guideline §5D1.2 and 18 U.S.C. § 3583(k), if the Court imposes a term of supervised release, that term will be at least 5 years and could be up to life.

**The United States advises that it agrees ( ), disagrees ( ), or takes no position (x).**

Mr. Meier understands that although the Court will consider the above estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not

---

- Minus 3-levels pursuant to §3E1.1 for prompt acceptance of responsibility;
- This results in an estimated final adjusted offense level of **42**, which yields an advisory imprisonment range of **360 months to life** for Criminal History Categories I-VI, and a fine range of $50,000 to $500,000 pursuant to §5E1.2. The government has indicated that it takes no position as to the Criminal History Category at this time.

8

bound by any estimate calculated herein, regardless of whether agreed to by the government.

No estimate regarding the guideline range precludes either the defendant or the government from asking the Court, within the overall context of the guidelines, to depart from the guideline range at sentencing if the defendant or the government believes a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate regarding the guideline range precludes either Mr. Meier or the government from asking the Court to vary from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

Mr. Meier understands that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose a sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range - up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party.

Date: 6-28-24

Christopher Carl Meier
Defendant

Date: 6/28/24

Stephanie Snyder
Attorney for Christopher Meier

9

**As to matters agreed to by the United States:**

Date: July 9, 2024

Alecia Riewerts
Assistant U.S. Attorney
District of Colorado

Date: July 9, 2024

Kyle Reynolds
Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

10