IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Criminal Action No. 23-cr-00419-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.

CHRISTOPHER CARL MEIER,

      Defendant.

-------------------------------------------------------------------

REPORTER'S TRANSCRIPT

Change of Plea

-------------------------------------------------------------------

Proceedings before the HONORABLE REGINA M. RODRIGUEZ, District Judge, United States District Court for the District of Colorado, commencing on the 9th day of July, 2024, in Courtroom A901, United States Courthouse, Denver, Colorado.

APPEARANCES

For the Government:
ALECIA RIEWERTS, United States Attorney's Office, 1801 California Street, Suite 1600, Denver, CO 80202

For the Defendant:
STEPHANIE SNYDER, Office of the Federal Public Defender, 633 17th Street, Suite 1000, Denver, CO  80202

Reported by SADIE L. HERBERT, RPR, RCR, 901 19th Street, Denver, CO 80294, (303)335-2105

P R O C E E D I N G S

(Proceedings commenced at 3:03 p.m.)

(In open court)

THE COURT:  Good afternoon, everyone.  We're here in USA v. Christopher Carl Meier, 23-cr-00419.

Could I have appearances of counsel.

MS. RIEWERTS:  Alecia Riewerts on behalf of the government.  Good afternoon, your Honor.

THE COURT:  Good afternoon, Ms. Riewerts.  I don't believe I have had you before me.

MS. RIEWERTS:  It is my pleasure, so thank you very much.

THE COURT:  Welcome.

MS. SNYDER:  Your Honor knows me all too well. Stephanie Snyder on behalf of Mr. Meier, who joins me at counsel table in custody.

THE COURT:  Welcome back.  And good afternoon, Mr. Meier.

Could we have Ms. Myhaver administer the oath.

(Defendant sworn)

THE COURT:  So the purpose of this hearing is for a change of plea.  Now, in this action, a notice of disposition was filed on June 10th of 2024, and it's my understanding that Mr. Meier, you wish to enter a plea of guilty in this matter. And a little bit different than the usual situation, in which

there's an agreement with the government, in this case, there is no agreement.  It's not the usual way, but certainly, there's no problem with it from my perspective.  So anyway, Mr. Meier wishes to enter a plea of guilty to the indictment that charges him with one count of conspiracy to distribute child pornography and five substantive counts of distribution of child pornography, all in violation of 18, USC, Section 2252(a), (a)(2) and (b)(1).

Do I have all that right, counsel?

MS. RIEWERTS:  Yes, your Honor.

MS. SNYDER:  From our perspective, yes, your Honor.

THE COURT:  Very well.

So we are here for the defendant's plea and for re-arraignment under Rule 10 of criminal procedure.  I have received the defendant's plea of guilty and the statement of facts relevant to sentencing without the plea agreement and the statement by the defendant in advance of the plea of guilty.

Now, Mr. Meier, a plea of guilty and statement of facts relevant to sentencing without the plea agreement has been marked as Court Exhibit Number 1.  And that sets forth all of the information related to the charge to which you will be pleading guilty and any relevant issues there, including estimates of sentencing computation.

Did you get a chance to review this document?

THE DEFENDANT:  Yes, your Honor.

4

THE COURT:  And did you also get a chance to talk to Ms. Snyder about it?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And did you get all your questions answered about it?

THE DEFENDANT:  Yes, your Honor, I did.

THE COURT:  So if you look at the last page -- and you can have this conversation with me sitting down -- if you look at the last page of this document -- actually, it's not the last page, it's the second to last page, Page 9, it looks like that's your signature there, dated 6/28/24.

Do you see that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Is that in fact your signature?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Does that indicate that you reviewed this document, talked to your lawyer about it and you understand what's in it?

THE DEFENDANT:  Yes, your Honor, I do.

THE COURT:  Also, I have Exhibit 2, which is entitled statement by defendant in advance of plea of guilty without a plea agreement.  This sets forth your rights, the charges that have been filed against you and a number of other issues that are important for you to understand, and it sets this all forth in this document.

Did you get a chance to read this one?

THE DEFENDANT:  Yes, your Honor, I have.

THE COURT:  And did you also get a chance to talk with Ms. Snyder about it and make sure you got all your questions answered?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  So on the seventh page of this document, it has your signature there, also dated June 28th of 2024.

Does that signify that you reviewed it, you understood it and you have got all your questions answered about it?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Very well.

So I also have an independent obligation, Mr. Meier, to make sure you understand the significance of these documents, the significance of changing your plea in this case from not guilty to guilty and to make sure that you are able to understand and appreciate the legal significance in all of this.  So that's why we have this hearing in person, so that I can look you in the eye, make sure you understand, you look me in the eye, and if there's any questions that you have at any point in time during the course of this hearing, please ask, okay.  All you have to do is wave your hand or say, excuse me, Judge, I don't understand or I have a question.  We'll stop, I'll let you talk to Ms. Snyder, we'll make sure you get your questions answered, all right.

THE DEFENDANT:  Thank you.

THE COURT:  The other thing you need to know is now is the time, because once we do it, once you plead guilty, it's over at that point in time, except under very limited and narrow circumstances can you change your plea of guilty back to not guilty, all right.

So now is the time.  So what are you going to do if you have questions?

THE DEFENDANT:  I will raise my hand and ask.

THE COURT:  All right.  Very good.

So I am going to start asking you some questions because I need to make sure you understand and that you are able to proceed here today.

Now, first of all, you just took an oath to tell the truth.  Do you remember that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  So if you answer any of my questions here today falsely, your answers could be used against you in another prosecution for perjury or for making a false statement.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  We don't want that.

THE DEFENDANT:  No.

THE COURT:  So the other thing is, as a criminal

23-cr-00419-RMR    Change of Plea    July 9, 2024

defendant, which you probably know, you have the right to remain silent.  So you don't have to answer any questions, if you don't want to.  But then I can't do my job to make sure you understand and proceed with this hearing.

So for purposes of this hearing, do you wish to give up your right to remain silent and answer my questions today?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  So I'm going to start with the questions, all right.  I promise they're not trick questions and they're not hard ones.

What is your full name, sir?

THE DEFENDANT:  Christopher Carl Meier.

THE COURT:  And how old are you, sir?

THE DEFENDANT:  41.

THE COURT:  And I take it you have had some schooling.

THE DEFENDANT:  I have a bachelor of science in computer information systems, your Honor.

THE COURT:  Where did you graduate?

THE DEFENDANT:  Metropolitan State College of Denver.

THE COURT:  Just right down the road?

THE DEFENDANT:  Mm-hmm.

THE COURT:  And are you from Colorado?

THE DEFENDANT:  I was born in Casper, Wyoming.  But I have lived in Colorado since I have been a year old, so I guess you could say yes.

THE COURT:  Close enough to a native.

I take it you are able to read and write in English.

THE DEFENDANT:  Yes, your Honor.

THE COURT:  So you were able to understand the documents and, in fact, you even have a college degree; right?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  So you are able to understand these documents or at least make sure you asked questions if there was something you didn't understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, is there anything about your condition here today, your physical condition, that would have you not be able to sit here, have this conversation with me and understand what's going on?  So for example, you have terrible back pain and you can't think it's so bad.

THE DEFENDANT:  No, your Honor.  I have perfect health.

THE COURT:  Great.  Well, lucky for you.  The older I get, the more I find that's not the case for me anymore.

Are you currently taking any kind of medications, drugs, alcohol, anything of that nature?

THE DEFENDANT:  Yes, your Honor.  I am prescribed Wellbutrin.

THE COURT:  Now, does the Wellbutrin have any affect on your ability to understand?

THE DEFENDANT:  No, your Honor.

THE COURT:  And does it have any affect on your ability to concentrate and participate in this conversation today?

THE DEFENDANT:  No, your Honor.

THE COURT:  Ms. Snyder, are you aware of any reason why the Court should not proceed with this hearing today?

MS. SNYDER:  I am not, your Honor.

THE COURT:  Well, Mr. Meier, based on your statements, the statements of your counsel and my observations and conversation with you here today, I do find that you are in full possession of your faculties and you are competent to proceed with this hearing.

Would you agree with that?

THE DEFENDANT:  Yes, I do.

THE COURT:  Mr. Meier, you were charged with an indictment on October 4th of 2023.  Have you had a chance to review that indictment and the charges brought against you?

THE DEFENDANT:  Yes, your Honor, I have.

THE COURT:  Do you understand what those charges are?

THE DEFENDANT:  I do, your Honor.

THE COURT:  So I do understand that Mr. Meier is pleading guilty without a plea agreement.  Were there any formal offers, and if so, were those conveyed to Mr. Meier?

MS. SNYDER:  Your Honor, there were negotiations, but

I don't think we ever reached a point of a formal offer being extended.  There were some barriers to that.

THE COURT:  Mr. Meier, I have now received your plea of guilty without a plea agreement document and the statement by you.  I want to advices you of several important rights that you have.  I know that they were discussed with you by your attorney, they're also set out in the documents that are Exhibits 1 and 2 in this matter, but nonetheless, they are significant enough that I'm going to talk to you about them directly.

First of all, you have a constitutional right to a trial by jury.  At trial, the government has to prove that you are guilty of the charges against you beyond a reasonable doubt.  At trial, 12 jurors would each need to find that you are guilty.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And at trial, it's not up to you to have to prove that you are innocent.  That's because, under the law, we presume that you are innocent.  You have the right to testify and call witnesses if you wish to do so, but you are under no obligation or duty to do that.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If I accept your plea this afternoon,

you're going to be giving up your right to a jury trial.

Do you wish to give up that right, sir?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, as part of your plea of guilty, it's my understanding that you intend to admit to the forfeiture allegation contained in the indictment.

THE DEFENDANT:  Yes, your Honor, I admit.

THE COURT:  Now, you should understand that forfeiture of assets will not be treated as a satisfaction of any fine, restitution or any other penalty that I may impose on you.

Do you understand this?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, the factual basis for the guilty plea is an important part of the process here.  The factual basis is set forth in the plea document starting on Page 5 of your plea of guilty and statement of facts relevant to sentencing.

It is important in the federal system because I will rely upon those facts as I have to determine what sentence is appropriate in your particular case.  And there are others, such as the probation department, possibly the Bureau of Prisons, other people who may rely upon that statement of facts.

Have you reviewed those statements?

THE DEFENDANT:  Yes, your Honor, I have.

THE COURT:  And do you agree that those facts, as set

Case No. 1:23-cr-00419-RMR    Document 50    filed 01/17/25    USDC Colorado    pg 12
of 28    12
23-cr-00419-RMR    Change of Plea    July 9, 2024

forth in that document, are true?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Counsel, for the purposes of the factual basis, may I rely on the factual basis set forth in the statement of facts in this case?

MS. SNYDER:  Yes, your Honor.

THE COURT:  Ms. Riewerts, does the government have a position on the factual basis?

MS. RIEWERTS:  Your Honor, with regard to the factual basis, the government agrees that all the facts contained therein are accurate.  However, as reflected in the footnote in the statement of facts, the government's position is that there are additional facts that are pertinent to, for example, the 3553(a) factors.

THE COURT:  Certainly.  And the government can raise those later.  Really, this is just what Mr. Meier is agreeing to, as far as the factual basis.

MS. RIEWERTS:  Yes, your Honor.

THE COURT:  Does the government disagree with any of the statements he has made and said are true?

MS. RIEWERTS:  No, your Honor.  The government agrees with the statements contained in the factual basis.

THE COURT:  Fair enough.  Thank you.

So now, Mr. Meier, let's talk about the charges to which you intend to plead guilty and the possible penalty for

those charges.

Ms. Riewerts, would you please inform Mr. Meier of the charges to which he will be pleading guilty and also please state the elements of those charges, as well as any maximum or mandatory penalties for those charges.

MS. RIEWERTS:  Yes, your Honor.

With regard to Count One of the indictment, conspiracy to distribute child pornography in violation of 18, United States Code, Section 2252(a), subsection (a)(2) and (b)(1), the elements are as follows:

The first element is that the defendant agreed with at least one other person to violate the laws as alleged in the indictment; namely, the distribution of child pornography in violation of 18, United States Code, Section 2252(a), (a)(2) and (b)(1).

The second element is that the defendant knew the essential objective of the conspiracy.

The third element is the defendant knowingly and voluntarily participated in the conspiracy.

And the fourth element is that there was interdependence among the members of the conspiracy, that is, the members in some way or manner intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

With regards to Count Two through Six of the

Case No. 1:23-cr-00419-RMR    Document 50    filed 01/17/25    USDC Colorado    pg 14
of 28
14
23-cr-00419-RMR    Change of Plea    July 9, 2024

indictment, distribution of child pornography in violation of 18, United States Code, Section 2252(a), (a)(2) and (b)(1), there are three elements.

The first is the defendant knowingly distributed child pornography.  And for both Counts Two through Six, as well as Count One, child pornography is defined in 18, United States Code, Section 2256(8)(A).

The second element is the defendant distributed the child pornography using any means or facility of interstate or foreign commerce or the child pornography has been mailed or shipped or transported in or effecting interstate or foreign commerce by any means, including by computer.

And the third element for distribution of child pronography is that when the defendant distributed child pornography, he knew that it was child pornographic.

With regard to the statutory penalties for Counts One through Six of the indictment, because the parties agree that the defendant does have a prior conviction, the -- well, a prior qualifying conviction, as listed in the statutes, the maximum statutory penalty for a violation of 18, United States Code, Section 2252 (a), (a)(2) and (b)(1) is not less than 15 years and not more than 40 years of imprisonment; not more than a $250,000 fine or both; not less than five years, nor more than lifetime supervised release; and a special assessment fee of $100 pursuant to 18, United States Code, Section 3013; a

$5,000 special assessment under 18, United States Code, Section 3014, the Justice for Victims of Trafficking Act, if the defendant is found to be nonindigent; and a no more than $35,000 special assessment pursuant to 18, United States Code, 2259(a), the Amy, Vicky, and Andy restitution act and restitution pursuant to 18 -- I'm sorry, the Amy, Vicky, and Andy Child -- I'm so sorry, your Honor, I have completely --

THE COURT:  That's fine.  It's 3:20 in the afternoon. It's been a long day for me, I know, and I am sure it has been for you too.

MS. RIEWERTS:  So sorry, your Honor.

THE COURT:  Take a moment and get it right.

MS. RIEWERTS:  It is -- I am actually not seeing the name, but it is the AVAA.  And I know it's Amy, Vicky, and Andy, and I believe that the last A is for assistance.

THE COURT:  Okay.

MS. RIEWERTS:  My apologies to the Court.  And that is a no more than a $35,000 special assessment.  And then, finally, restitution pursuant to 18, United States Code, Section 2259(a).

THE COURT:  That was a lot, Mr. Meier.  But I didn't see your hand go up with questions.  Is this consistent with your understanding?

THE DEFENDANT:  Yes, your Honor, it is.

THE COURT:  So what I need to go over with you here is

23-cr-00419-RMR    Change of Plea    July 9, 2024

to make sure you understand that this is simply an estimate based on the best evidence and information that the attorneys have available at this time, okay.

It is possible and it does happen sometimes, so it's not a remote possibility, it is a possibility, that the presentence investigation report could contain additional information that would change this calculation.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And the other thing is, let's talk about the advisory guideline range.

Ms. Snyder, have you reviewed the advisory guideline range with your client?

MS. SNYDER:  I have, your Honor.  We have provided or estimate of what the straightforward guideline calculation will be.  I understand the government will be seeking a cross-reference, I have discussed that as well with Mr. Meier. Both of those estimates are contained in the document before the Court.

THE COURT:  So here is the thing with that, that you need to make sure -- and I'm underlining here for you -- is that, again, these are guideline range calculations that are estimates, based on the information available at this time.

It's my job as the judge in this case to determine what the appropriate guideline range is in your particular

Case No. 1:23-cr-00419-RMR    Document 50    filed 01/17/25    USDC Colorado    pg 17
of 28
17
23-cr-00419-RMR    Change of Plea    July 9, 2024

circumstance, so I'll have to look at the law and the arguments and all that kind of stuff on what guideline range is appropriate in your case. And so your lawyer is referring to a cross-reference and different things, those are decisions I will have to make at the time of sentencing.

Then, even once I have determined what the guideline range is, I am obligated to take a step back and consider that as information, but also consider the factors under the statute for sentencing about your particular situation, all right. And then I have the obligation and duty to determine what sentence is appropriate in your particular case, okay.

Now, that sentence could be above the guideline range, it could be within the guideline range, and it could be below the guideline range. And because you are pleading guilty without an agreement by the government, it means they could argue for any of those things, okay. Just because they argue it doesn't mean I do it, just because your lawyer argues it doesn't mean I do it. It's ultimately my duty -- sometimes people would call it a burden -- but it's my obligation to make that decision at the end of the day, okay.

THE DEFENDANT: Okay.

THE COURT: So you understand all that?

THE DEFENDANT: Yes, your Honor.

THE COURT: If you were to go to trial in this case and be convicted, you would have the right to appeal that

SADIE L. HERBERT, RPR, RCR
901 19th Street, Denver, CO 80294  (303)335-2105

conviction.  Here, because you are pleading guilty and you are saying, yes, I am guilty of this, you are giving up your right to appeal that piece of it, okay.

THE DEFENDANT:  Appeal the guilty part?

THE COURT:  Yes.  You can't come back later and say, no, I wasn't really guilty, those facts that I admitted, I don't really mean it, all right.  Other than that, it does not appear from this that you are waiving any of your other appeal rights.

Is that consistent with your understanding?

THE DEFENDANT:  I'm understanding that I'm waiving this right of guilty, yes.

THE COURT:  Yes.  But you could appeal -- because you are not specifically agreeing to waive it -- you could appeal the sentence that I impose.  You could appeal certain other facets, all right.

Additionally, if you are sent to prison, which you may very well be in this matter -- if you need to speak with your client.

MS. SNYDER:  I saw a sign of confusion, so if I could.

THE COURT:  Take a moment.

(Conferring)

MS. SNYDER:  Thank you, your Honor.  I appreciate that.

THE COURT:  As I was saying, if you are sent to

23-cr-00419-RMR    Change of Plea    July 9, 2024

prison, which it appears in this case may be -- a term of imprisonment may be very likely, given the mandatory provisions of the statute. When you are released, though, there will be conditions attached to your release. Those are called supervised release. These are conditions that you have to comply with, otherwise your supervise release can be revoked and you could be returned to prison for all or a portion of the particular supervised release provision that you are sentenced under. In particular, you cannot commit any crimes. You cannot possess any illegal substances. And you cannot possess any firearms. If you violate, again, you're back here, not a good scenario for any of us, right, that's not what we're looking for here, all right.

THE DEFENDANT: No.

THE COURT: Additionally, other adverse consequences, as I understand, you have another felony conviction, so you are probably familiar with this already, but I'm going to go over it anyway. You will likely lose or have already lost civil rights that many people consider very valuable, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm of any kind.

Additionally, under the Sex Offender Registration and Notification Act, which is a federal law, and pursuant to 18, USC, Section 3583(d) upon your release from prison and as a

condition of your supervised release, you will be subject to federal and state sex offender registration requirements, and those requirements may apply throughout your whole life.

Do you understand that?

THE DEFENDANT:  I understand that, your Honor.

THE COURT:  And I believe we talked about it, but I just want to reiterate, the period of supervised release is five years to life in this situation.

THE DEFENDANT:  Yes, your Honor, I understand.

THE COURT:  Mr. Meier, do you have any questions about anything that we have discussed here today?

THE DEFENDANT:  No, your Honor.  I just clarified one other thing, but we're good.

THE COURT:  You had full opportunity to talk to your lawyer about anything?

THE DEFENDANT:  I have, your Honor.

THE COURT:  So this is getting to be the end of your opportunities to talk to your lawyer, change your mind, so we're kind of getting to that going, going, gone piece.

THE DEFENDANT:  I'm willing to put this behind me, your Honor, and find closure and move on.

THE COURT:  Let me ask a couple more questions.  Has anybody attempted in any way to threaten you or anyone you care about in order to get you to plead guilty today?

THE DEFENDANT:  No, your Honor.

THE COURT: Are you satisfied with the representation your lawyer has provided to you?

THE DEFENDANT: Yes, your Honor, I am.

THE COURT: Do you believe she's fully advised you concerning your case?

THE DEFENDANT: Yes, your Honor.

THE COURT: Having in mind everything that we have discussed regarding your plea of guilty, the rights that you are going to be giving up and the maximum sentence that you could receive, do you still want to plead guilty?

THE DEFENDANT: Yes, your Honor, I do.

THE COURT: Counsel, other than re-arraigning Mr. Meier, do you agree that the Court has complied with the requirements of Rule 11?

MS. RIEWERTS: Yes, your Honor.

MS. SNYDER: Yes, your Honor.

THE COURT: Mr. Meier, the Court will now grant your request to withdraw your plea of not guilty to Count One of the indictment, One through Six.

Ms. Riewerts, would you please re-arraign Mr. Meier.

MS. RIEWERTS: Yes, your Honor.

In the case of the United States of America v. Christopher Carl Meier, as to Count One of the indictment alleging that, in or about September 2019 and in or about April of 2021, in the State and District of Colorado and elsewhere,

that you, a person with a prior conviction under the laws of any state related to child pornographic crimes knowingly conspired with others to knowingly distribute child pornography in violation of 18, United States Code, Section 2252(a), (a)(2) and (b)(1), how do you plead?

THE DEFENDANT:  Guilty.

MS. RIEWERTS:  As to Count Two -- your Honor, my intention would be to go through each of the counts individually.

THE COURT:  Yes.

MS. RIEWERTS:  I wanted to make sure that that was what the Court anticipated.

As to Count Two of the indictment, that on or about May 3rd of 2020, that you, being a person with a prior conviction under the laws of any state relating to certain child pornography crimes, knowingly distributed and attempted to distribute child pornography, how do you plead?

THE DEFENDANT:  Guilty.

MS. RIEWERTS:  With regard to Count Three of the indictment, that on May 23rd of 2020 in the State and District of Colorado and elsewhere, that you, a person with a prior conviction under the laws of any state relating to certain child pornography crimes knowingly distributed and attempted to distribute child pornography, how do you plead?

THE DEFENDANT:  Guilty.

SADIE L. HERBERT, RPR, RCR
901 19th Street, Denver, CO 80294  (303)335-2105

MS. RIEWERTS:  With regard to Count Four, that on or about October 8th of 2020, in the State and District of Colorado and elsewhere, that you, a person with a prior conviction under the laws of any state relating to certain child pornography crimes knowingly distributed and attempted to distribute child pornography, how do you plead?

THE DEFENDANT:  Guilty.

MS. RIEWERTS:  With regard to Count Five of the indictment, that on or about January 1st of 2021, in the State and District of Colorado and elsewhere, that you, a person with a prior conviction under the laws of any state relating to certain child pornography crimes, knowingly distributed and attempted to distribute child pornography, how do you plead?

THE DEFENDANT:  Guilty.

MS. RIEWERTS:  With regard to Count Six, that on or about March 27th of 2021 in the State and District of Colorado and elsewhere, that you, a person with a prior conviction under the laws of any state relating to certain child pornography crimes, knowingly distributed and attempted to distribute child pornography, how do you plead?

THE DEFENDANT:  Guilty.

MS. RIEWERTS:  And with regard to the forfeiture allegation alleged in the indictment with relation to Counts One through Six of the indictment, do you admit to the forfeiture allegation?

THE DEFENDANT:  Yes, I do admit to it.

THE COURT:  Thank you, Ms. Riewerts.

You may be seated, sir.

I find that Mr. Meier, who is represented by counsel with whom he is satisfied, has acknowledged a factual basis for his plea.  I find that Mr. Meier has been fully advised of his rights in writing and by the Court.  And I further find that Mr. Meier is fully competent and capable of entering an informed plea and that he is aware of the nature of the charges and the consequences of his plea.  I further find that Mr. Meier has discussed his plea with his attorney and has signed and agreed to the plea voluntarily, knowingly and intelligently.  It is therefore ordered that the plea is accepted and that Mr. Meier is now adjudged guilty of Counts One through Six of the indictment charging a violation of 18 USC. Section 2252(a), (a)(2) and (b)(1), conspiracy to distribute child pornography and distribution of child pornography.

Mr. Meier, you are referred to the probation department for a presentence investigation report.  Your sentencing hearing will not occur for several months.  Before the sentencing hearing, a probation officer will talk with you and gather information that will be included in a report that I will review for purposes of determining whether ultimately to accept the plea agreement and what sentence to impose.  When

SADIE L. HERBERT, RPR, RCR
901 19th Street, Denver, CO 80294  (303)335-2105

you speak with the probation officer, your attorney may be present with you, if you wish.

At the sentencing hearing itself, I may hear further statements or argument from both your attorney and the attorney for the government.  You will also be allowed to make your own personal statement to me on your own behalf before I impose a sentence.  That's only if you wish to do so.  You are absolutely not required to make any statement, and I will not hold it against you if you decide not to do so.  But it is your opportunity to speak with me directly about anything you wish for the Court to consider as I have to consider what sentence is appropriate in your particular circumstance.

Counsel, a hearing is set for sentencing on October 15th, 2024 at 2:00 p.m.  Does that work for all counsel?

MS. RIEWERTS:  Yes, your Honor.

MS. SNYDER:  It does, your Honor.

THE COURT:  Now, Mr. Meier, you are ordered to appear on that date and time without further order or order of the Court.  Given you are in the custody of the United States Marshals, they will arrange for you to be present for that hearing.

All dates other than the sentencing date are hereby vacated.

Counsel, you are ordered to file any sentencing

positions at least 14 days before the sentencing date.  Any responses or objections to such filings must be filed no later than seven days before the sentencing date.

It does sound like there may be some more involved issues, calculations of the guideline range, if we're talking cross-references and other things.  It would behoove you to file those documents sooner rather than later, as it does give the Court more time to fully review and evaluate those arguments.

Is there any further business by either the government or the defendant?

MS. RIEWERTS:  Your Honor, may I briefly confer with Ms. Snyder.

THE COURT:  Yes.

(Conferring)

MS. SNYDER:  Thank you, your Honor.

MS. RIEWERTS:  Thank you so much, your Honor, for that indulgence.

THE COURT:  Anything further?

MS. SNYDER:  No, your Honor.

MS. RIEWERTS:  No.

THE COURT:  Well, with that, I will see you in October, Mr. Meier.  I wish you well until then.

And we'll be in recess.

You are hereby remanded to the custody of the United

States Marshal pending sentencing.

(Adjourned)

SADIE L. HERBERT, RPR, RCR
901 19th Street, Denver, CO 80294   (303)335-2105

23-cr-00419-RMR    Change of Plea    July 9, 2024


I hereby certify that the foregoing is a true and accurate transcript, to the best of my skill and ability, from my stenographic notes.




*Sadie L. Herbert*
Official Court Reporter
U.S. District Court




SADIE L. HERBERT, RPR, RCR
901 19th Street, Denver, CO 80294   (303)335-2105